R. E. Lee v. The State.

No. 16768. Delivered October 10, 1934.
Rehearing Denied November 7, 1934.
Reported in 75 S. W. (2d) 444.

The opinion states the case.

*Jno. M. Mathis, Sr.,* and *Rosser Thomas, Sr.,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an assault with intent to murder with malice aforethought, and his punishment assessed at confinement in the State penitentiary for a term of five years.

The record is before us without any bills of exception. The statement of facts was filed 150 days after the adjournment of court and one hundred days after the time allowed by the trial court in which to file same. In such a condition, nothing is presented for review. We observe from the record, however, that the court failed to take notice of the Indeterminate Sentence Law. The lowest penalty for the offense charged is two years. The sentence directed appellant's confinement in the penitentiary for five years. The sentence will be reformed so as to direct appellant's confinement in the penitentiary for not less than two nor more than five years, and as reformed, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The appellant's motion for rehearing is not accompanied by any certified copy of any order of extension for filing bills of exception. This court can not grant a motion for rehearing merely upon a statement in the motion that an amended transcript could be procured showing such extension.

The motion for rehearing is overruled.

*Overruled.*